SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| SHERITA CURRY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| VS. | * | |
| | * | |
| MAGNOLIA MANOR OF | * | |
| ST. SIMONS, INC., | * | |
| | * | |
| Defendant. | * | |

### COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND FOR EMPLOYMENT DISCRIMINATION

COMES NOW the Plaintiff, SHERITA CURRY, who files this her Complaint against the Defendant, MAGNOLIA MANOR OF ST SIMONS, INC., and respectfully shows the Court as follows, to-wit:

### JURISDICTION

1. Jurisdiction of this action is conferred upon the Court by Section 16(b) of the Fair Labor Standards Act, as well as by 28 U.S.C.§ 1337, this action seeks to recover unpaid overtime compensation due under the Fair Labor Standards Act of 1938, as amended.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C.A.§ 1331 in that a federal question is involved concerning Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A.§ 2000 et seq., and the Civil Rights Act of 1991. The Court has supplemental jurisdiction of Georgia law claims under 28 U.S.C.A.§ 1367. This case also involves a claim of race discrimination. The jurisdiction of this Court is invoked

recover damages for violation of an act of Congress providing for equal rights of citizens.

## VENUE

3.    Venue is properly laid in this Court in that the incidents complained of occurred in this judicial district and division and the Defendant conducted business in this judicial district and division.

## PARTIES

4.    The Plaintiff is a resident of Glynn County located within the Southern District of Georgia, and her employment was based in Glynn County, Georgia.

5.    The Defendant is a corporation incorporated under the laws of the State of Georgia, and doing business in the State of Georgia.  The Defendant may be served with process by service upon the managing agent of its office at 2255 Frederica Road, St. Simons Island, Glynn County, Georgia, 31522.

## VIOLATION OF TITLE VII OF THE CIVIL
## RIGHTS ACT OF 1964

6.    The Plaintiff was employed by the Defendant from June 25, 2009 to April 15, 2010.

7.    The Plaintiff was terminated for false reasons.

8.    The Defendant's actions were motivated by racial hostility. The Plaintiff has otherwise been discriminated against because of her race.

Plaintiff is a part of general policy of the Defendant to discriminate against black employees.

10.    The Defendant has also allowed a hostile work environment to exist, in which, thereby evidencing the Defendant's approval of such conduct.

11.    In addition, the Plaintiff was terminated because she was subjected to unwanted physical conduct by a supervisory employee of the Defendant, and when the Plaintiff refused to participate in this unwanted physical conduct, which was of a sexual nature, the Defendant then engaged in a campaign of discrimination against the Plaintiff, and ultimately terminated her.

## ADMINISTRATIVE PROCEDURES

12.    This is an action for race discrimination pursuant to § 703 of Title VII of the Civil Rights Act of 1964.

13.    The Plaintiff filed a charge of race discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

14.    The Plaintiff received a Notice of Right to Sue, and less than 90 days have elapsed since Plaintiff's receipt of the Notice of Right to Sue.

15.    All pre-conditions necessary for filing this action have been met.

16.  The actions complained of above have caused Plaintiff to lose wages, employee benefits, incur expenses and to suffer mentally and physically from anger, humiliation, frustration and loss of dignity. Defendant has given Plaintiff negative and/or unfavorable job references.  Plaintiff believes that this is retaliatory in response to her filing a charge with the EEOC.

## PUNITIVE DAMAGES

17.  Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

18.  The Defendant's violations of Plaintiff's rights were intentional and/or reckless.

19.  The Defendant's actions caused the Plaintiff to suffer past, present, and future severe mental pain, suffering, and emotional distress as the natural result thereof.

20.  Plaintiff is entitled to recover general damages from Defendant for their acts of intentional infliction of emotional distress.

21.  Defendant engaged in the discriminatory practices set forth above with malice or with reckless indifference to the federally protected rights of Plaintiff.

22.   While the Plaintiff was employed by the Defendant the Plaintiff worked overtime, for which the Plaintiff has not been compensated.

23.   The Plaintiff should have been paid the regular hourly rate for all of such hours plus an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week.

24.   The Defendant has failed to pay the Plaintiff overtime compensation as required by law. Because the Defendant has not acted in good faith the Plaintiff is entitled to recover as liquidated damages an amount equal to the total amount of unpaid wages and overtime which the Defendant owes the Plaintiff for all weeks during which the Plaintiff worked for the Defendant.

25.   The Defendant should be required to pay the Plaintiff's reasonable attorney's fees and the other costs, all is authorized by the Fair Labor Standard Act.

WHEREFORE, the Plaintiff prays:

A.    That summons or process issue, and that the Defendants be served and required to answer, all as provided by law;

B.    That the Plaintiff recover general damages against the Defendant, in an amount of not less than $250,000.00; as well as punitive damages in the amount of $250,000.00, or such greater sum as to the Court may seem just and proper;

C.    That the Plaintiff have and recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the Fair Labor Standards Act and the laws of the State of Georgia;

D.    That the Plaintiff have a trial by jury;

E.    That the Plaintiff recover attorney's fees pursuant to 42 U.S.C. § 2000e-5(k);

F.    That the Court grant the Plaintiff such other and further relief as to which the Court may seem just and proper.

This the ___ day of December, 2011.

_____
W. DOUGLAS ADAMS
ATTORNEY FOR PLAINTIFF

1829 Norwich Street
Post Office Box 857
Brunswick, Georgia 31521-0857
(912) 265-1966