UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SHERITA CURRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 2:11-CV-00212-LGW-JEG |
| MAGNOLIA MANOR OF ) | |
| ST. SIMONS, INC. ) | |
| ) | |
| Defendant. ) | |

## AGREEMENT AND RELEASE

**1. Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and Release ("Agreement") by and between the Plaintiff, Sherita Faye Mells Curry ("the Releasor") and Magnolia Manor of St. Simons, Inc. ("the Company"). The term "Releasees" is defined as the Company, Jackie Crisp, and Jackie Newman, and all of the Company's divisions and affiliates and their current and former officers, directors, employees, shareholders/partners, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally.

In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

**2. Payment And Consideration:**

A. The Company shall pay to the Releasor a total payment of $2,500. Additionally, the Parties have agreed that a reasonable attorney fee for the FLSA claim in this case is $2,500. The parties agree that liquidated damages are not recoverable in this case.

B. The amount for the Releasor's back pay shall be paid by the Company in a check made payable to "Sherita Curry" and shall be issued within fourteen (14) business days after the Court issues its notice of approval of the settlement of this matter (including this Agreement).

The Parties recognize and agree that the payment to the Releasor is subject to applicable taxes and withholdings. The amount for attorney's fees shall be paid by the Company in a separate check made payable to "The Law Office of W. Douglas Adams" and shall be issued within fourteen (14) days after the Court issues its notice of approval of the settlement of this matter, including this Agreement.

    C. The Parties acknowledge that Releasees will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Plaintiff's FLSA Claims With Prejudice in the form attached to this Agreement as Exhibit A ("Joint Motion").

    D. The Releasor acknowledges and agrees that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) calendar days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

**3. Release:**

    A. For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Releasor ever had, now has or may or might in the future have against the Releasees, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date that is based in whole or in part on, or do or may arise out of or are or may be related to or with:

      (i) the Fair Labor Standards Act (FLSA) claim current pending in the Northern District of Georgia – Civil Action File No. 1:13-CV-03803-SCJ; and

  (ii) attorneys' fees, expenses or costs pursuant to the FLSA or otherwise allowed by law.

**4. Covenant Not To Sue:**

The Releasor further covenants and acknowledges that neither the Releasor, nor any person, organization or other entity acting on the Releasor's behalf has or will sue or cause or permit suit against the Releasees upon any claim released by this Agreement, or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released by this Agreement.

**5. Knowing And Voluntary Waiver And Release:**

      A.     It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasor's claims.

      B.     The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

      C.     As part of the consideration for the conditions of the settlement as set forth above, the Releasor expressly warrants and represents that: (a) the Releasor is legally competent to execute this Agreement; (b) the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-styled civil action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (d) all healthcare-related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-styled civil action for which a compromise and settlement has been made have been fully paid.

**8.    Right To Retain Advisor Or Counsel:**

      A.     It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and is advised to consult with legal counsel prior to signing this Agreement. The Releasor also acknowledges that, before signing this Agreement, the Releasor has read and fully understand each paragraph. Any notice required to Releasor under this Agreement shall be satisfied by written notice to the undersigned counsel for the Releasor.

B. The Releasor acknowledges that, upon the effective date of this Agreement, the Releasor will fully and irrevocably release any and all claims the Releasor may have against the Releasees as specified in this Agreement.

### 9. Entire Agreement:

This Agreement constitutes the entire agreement between the Releasor and the Releasees pertaining to the release and waiver of claims for violation of the FLSA, as asserted in Civil Action File No. 1:13-CV-03803-SCJ. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of the Company.

### 10. Effective Date:

This Agreement shall become effective and irrevocable upon its execution by the Releasor.

### 11. Successors And Assigns:

This Agreement shall be binding upon the Releasor and the Releasor' heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

### 12. Non-Admission:

The Releasor acknowledges that the payment in Paragraph 3 does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

### 13. Miscellaneous:

A. The Releasor acknowledges that the Releasor has had sufficient time to consider whether or not the Releasor desires to enter into this Agreement.

B. This Agreement is executed with the full knowledge and understanding on the part of the Releasor that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred to the Releasor in consideration of this Agreement are accepted as final. The Releasor further agrees and represents that it is within the Releasor's contemplation that the Releasor may have claims against the Releasees of which, at the time of the execution of this Agreement, the Releasor has no knowledge or suspicion, but the Releasor agrees and represents, without affecting the generality of the Agreement, that this Agreement extends to all claims in any way based upon, connected with or related to the Releasor's

claim for unpaid wages, whether or not known, claimed or suspected by the Releasor.

C. It is further agreed and understood that the Releasor and Releasees will indemnify, defend and hold each other harmless for all claims and damages, including attorneys' fees and costs (whether or not permitted in the dispute resolution service's rules), resulting from the Releasor's or Releasees' material breach of this Agreement. In the event that a Releasor or Releasee contends a Releasor or Releasee has breached this Agreement, the Releasor or Releasee will have five (5) days within which to reasonably cure the breach. If the Releasor or Releasee has not cured the breach, the Releasor and Releasees acknowledge that a Releasor or Releasee may bring suit to enforce the terms of this Agreement and to recover damages for breach of this Agreement, including a suit for equitable relief and injunctive relief, and the Parties consent to the exclusive jurisdiction of the Henning Mediation and Arbitration Services, or a private dispute resolution service, whether suit is brought by Releasee or Releasor. The Parties may utilize the emergency provisions of said dispute resolution service as applicable.

D. The Releasor acknowledges that neither the Releasees nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

E. It is agreed that neither the existence of this Agreement nor any of its provisions shall be offered in evidence by any of the Parties, or their agents, in any action or proceeding other than an action to enforce this Agreement or as set forth herein.

F. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasor and the below representative of the Company set their hand and seal.

**THE RELEASOR**

_____
Sherita Faye Mells Curry (SEAL)

April 25, 2014
Date

**THE EMPLOYER**

_____
Mark R. Todd (SEAL)

4/28/2014
Date

Sworn to and subscribed before me this 25th day of April, 2014.

_____
Notary Public

My Commission Expires:

06/30/2017

Approved by:

_____
Walter Douglas Adams, Esq. (SEAL)
Attorney for the Releasor

April 25, 2014
Date